UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGGY SANDERSON,

      Plaintiff,

v.                                                                           Case No: 8:21-cv-182-SDM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Peggy Sanderson seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits, disabled widow benefits, and supplemental security income.  As the Administrative Law Judge's (ALJ) decision was based on substantial evidence and employed proper legal standards, the undersigned recommends that the decision be affirmed.

### BACKGROUND

**A.    Procedural Background**

Plaintiff filed her applications for benefits on March 26, 2019.  (Tr. 249–55.)  The Commissioner denied Plaintiff's claims both initially and upon reconsideration.  (Tr. 59–121.)  Plaintiff then requested an administrative hearing.  (Tr. 146–47.)  Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified.  (Tr. 30–58.)  Following the hearing, the ALJ issued an unfavorable decision finding

Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 15–29.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–6.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning on March 20, 2019. (Tr. 249, 253.) Plaintiff has an eighth-grade education. (Tr. 37, 331.) The ALJ found that Plaintiff's past relevant work included work as a box marker and counter attendant for a dry cleaner. (Tr. 22.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since March 20, 2019, the alleged onset date. (Tr. 18.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: cervical and lumbar spine disorder and rotator cuff tendonitis in her left shoulder. (Tr. 18.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18.) The ALJ then concluded that Plaintiff retained a residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), limited as follows:

> Specifically, the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for 6

> hours in an 8-hour workday; stand and/or walk for 6 hours in an 8-hour workday and push/pull as much as can lift/carry.  The claimant has the residual functional capacity to occasionally reach overhead to the left and for all other reaching can reach occasionally to the left.  The claimant can frequently climb ramps/stairs, occasionally climb ladders, ropes, or scaffolds, frequently balance, stoop, kneel, crouch or crawl.   The claimant can frequently work at unprotected heights, around moving mechanical parts, in dust, odors, fumes and pulmonary irritants and in vibrations.

(Tr. 19.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully consistent with the medical evidence and other evidence of record.  (Tr. 19–21.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert (VE), the ALJ determined that Plaintiff could perform her past relevant work as a counter attendant.  (Tr. 22.)  The VE also testified that Plaintiff could perform other work in the national economy, including produce sorter, laundry folder, and housekeeper/cleaner. (Tr. 23–24.)  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the assessment of the VE, the ALJ found Plaintiff not disabled.  (Tr. 24.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration (SSA), in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to

perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision on the following grounds: (1) Plaintiff's job as a counter attendant did not qualify as past relevant work; (2) the ALJ failed to analyze Plaintiff's age as required under SSA guidance; (3) the ALJ failed to develop the record relating to Plaintiff's depression; and (4) the ALJ's decision is constitutionally defective.  For the reasons that follow, none of these contentions warrant reversal.

### A. Past Relevant Work

Plaintiff contends that the ALJ erred in finding that her former job as a counter attendant was past relevant work.  (Dkt. 20 at 2–5.)  Plaintiff maintains that her earnings as a counter attendant fell below the level of substantial gainful activity and therefore the job was not past relevant work.  (*Id.*)

Plaintiff bears the burden to show "that certain work experience is not past relevant work."  *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991); *see Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 524 (11th Cir. 2014); *Thompson v. Comm'r of Soc. Sec.*, No. 8:19-cv-366-T-MRM, 2020 WL 1316785, at *7 (M.D. Fla. Mar. 20, 2020); *Pena v. Berryhill*, No. 16-21376-civ, 2017 WL 2984163, at *9 (S.D. Fla. May 8, 2017), *report and recommendation adopted*, No. 16-21376-civ, 2017 WL 2983022 (S.D. Fla. July 12, 2017).  The "claimant is the primary source for vocational documentation" and statements made by the claimant regarding his or her past work "are generally sufficient" to determine a claimant's past relevant work.  Soc. Sec.

Admin., *Titles II & XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in Gen.*, SSR 82-62, at *3 (Jan. 1, 1982), *available at* 1982 WL 31386; *see Rivera v. Colvin*, No. 1:15-cv-146-MP/CAS, 2016 WL 4424973, at *4 (N.D. Fla. Mar. 3, 2016), *report and recommendation adopted sub nom. Pastor Rivera v. Colvin*, No. 1:15-cv-00146-MP-CAS, 2016 WL 4414792 (N.D. Fla. Aug. 18, 2016).

Past relevant work is work done in the last fifteen years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. *Hall v. Comm'r of Soc. Sec.*, No. 6:19-cv-1066-GJK, 2020 WL 1673053, at *2 (M.D. Fla. Apr. 6, 2020); 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). Substantial gainful activity is work that involves doing significant and productive physical or mental duties and done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. When determining whether a claimant's past work is substantial gainful activity, the "primary consideration" will be the earnings derived from the activity. 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1); *see New v. Comm'r of Soc. Sec.*, No. 5:12-cv-211-OC-18PRL, 2013 WL 3804846, at *4 (M.D. Fla. July 8, 2013). If a claimant earns an amount above the SSA earnings guidelines, "a presumption arises that [the claimant] was engaged in substantial gainful activity." *Green v. Comm'r, Soc. Sec. Admin.*, 555 F. App'x 906, 908 (11th Cir. 2014); 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2).

"Earnings, however, are not dispositive." *Eyre*, 586 F. App'x at 524. Even where a claimant's earnings fall below the levels set forth in the guidelines, if other evidence in the record indicates that the claimant engaged in substantial gainful

Case 8:21-cv-00182-SDM-J_S   Document 27   Filed 06/24/22   Page 8 of 21 PageID 523

activity, the ALJ can consider other information in the record. *Id.*; *see Hall*, 2020 WL 1673053, at *3–4; *Pena*, 2017 WL 2984163, at *9, *Rivera*, 2016 WL 4424973, at *5. Specifically, the ALJ may consider whether the work performed was "comparable to that of unimpaired people in [the claimant's] community who [were] doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work." *Id.* (citing 20 C.F.R. § 404.1574(b)(3)(ii)).

Plaintiff reported a prior job with a dry-cleaning company, which the VE classified as a counter attendant, Dictionary of Occupational Titles (DOT) No. 299.677-010. There is no dispute that Plaintiff's earnings as a counter attendant fell below the earnings guidelines for substantial gainful activity. (Dkt. 24 at 7–8.) *Compare* Tr. 271 *with* Soc. Sec. Admin., *Program Operations Manual System (POMS)*, DI 10501.015(B), *available at* https://secure.ssa.gov/poms.nsf/lnx/0410501015.

However, substantial evidence supports the ALJ's finding that Plaintiff's counter attendant job was past relevant work. Plaintiff reported to the SSA that she performed the job from 2004 to 2011, 8 hours per day, five days per week, for $8 per hour. (Tr. 281.) She testified that during this time she worked for two different owners of the company, but the work remained the same. (Tr. 39–40.) She further testified that her job duties included working at the counter, working with customers and their clothes, and some lifting. (Tr. 40.) This testimony was consistent with Plaintiff's prior statements to the SSA that she worked as a cashier from 2004 to 2011, accepted

- 8 -

clothing to be dry cleaned, accepted payments, labeled the clothes for cleaning, and lifted 25 pounds frequently.  (Tr. 290.)

It is Plaintiff's burden to establish that the counter attendant job was not past relevant work.  *Barnes*, 932 F.2d at 1359.  At the hearing, Plaintiff did not offer any testimony to demonstrate that her work as a counter attendant was not past relevant work.  *See Hall*, 2020 WL 1673053, at *3 (noting that the plaintiff "should have offered to provide more information after the VE found her past relevant work was dining room attendant or waiter-waitress informal").  Although counsel stated in his opening statement that Plaintiff had "no prior relevant work history" (Tr. 37), counsel did not object when the ALJ asked the VE to classify Plaintiff's dry-cleaning job as relevant work.  (Tr. 52.)  Additionally, counsel did not elicit any testimony from Plaintiff regarding this job to establish that it did not qualify as past relevant work.  *Schlegel v. Comm'r of Soc. Sec.*, No. 6:16-cv-1236-ORL-DCI, 2017 WL 2379811, at *3 (M.D. Fla. June 1, 2017) ("Substantial evidence existed to support the ALJ's determination that Claimant's position as a kitchen helper was substantial gainful activity, yet Claimant, who was represented by counsel, failed to make any argument or showing at the hearing to carry his burden of demonstrating otherwise."); *Rivera*, 2016 WL 4424973, at *6 ("Plaintiff offered no evidence during either hearing to rebut the ALJ's determination that she was able to perform her past relevant work as a hotel housekeeper cleaner.  Plaintiff's representative had the opportunity to question

Plaintiff and the VEs during both hearings regarding Plaintiff's past relevant work, but did not do so.").

In sum, the record "provides evidence which would allow a reasonable mind to conclude that [Plaintiff's] work [as a counter attendant] is past relevant work." *Barnes*, 932 F.2d at 1359.  Plaintiff's statements to the SSA and her testimony demonstrate that the work she performed "was comparable to that performed by others and accounts for the time, energy, skill, responsibility, and physical activity involved in the position," even though her earnings did not meet the earnings guidelines. *Sommers v. Colvin*, No. 5:14-cv-163/EMT, 2015 WL 4633516, at \*12 (N.D. Fla. Aug. 3, 2015). Plaintiff does not address any evidence in the record regarding her past relevant work other than her earnings. (Dkt. 20.)  As noted above, however, "[e]arnings . . . are not dispositive." *Eyre*, 586 F. App'x at 524.  Therefore, the undersigned recommends that the ALJ's finding at step four that Plaintiff could perform her past relevant work as a counter attendant is supported by substantial evidence and should not be disturbed.

**B. Plaintiff's Age**

Plaintiff next argues that the ALJ erred in "mechanically" applying the age categories to Plaintiff's claims, even though Plaintiff was almost 55 years old on the date of the decision. (Dkt. 20 at 5–8.)  Plaintiff argues remand is warranted based on this error. (*Id.* at 5.)

An ALJ applies the age categories at step five of the sequential analysis.  20 C.F.R. §§ 404.1563(b), 416.963(b).  The ALJ does not need to proceed to step five of

the analysis if the ALJ determines the claimant is able to perform past relevant work at step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a), 416.920(a). If an ALJ finds that a claimant can perform his or her past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). Here, the undersigned recommends that substantial evidence supports the ALJ's step four conclusion that Plaintiff can perform her past relevant work as a counter attendant. Therefore, the undersigned recommends that the ALJ was not required to proceed to step five, and any alleged error made at step five is harmless because it would not affect the final result of not disabled. *See Mittasch v. Comm'r of Soc. Sec.*, No. 2:17-cv-257-FTM-MRM, 2018 WL 3868855, at *7–8 (M.D. Fla. Aug. 15, 2018) (declining to consider the plaintiff's step five arguments because the ALJ found that the claimant could perform her past relevant work at step four).

### C. Plaintiff's Depression

Plaintiff further seeks remand due to the ALJ's failure to evaluate or develop the record regarding Plaintiff's depression. (Dkt. 20 at 8–10.) The Commissioner argues in response that Plaintiff did not have a medically determinable impairment of depression for the ALJ to consider. (Dkt. 24 at 10–15.)

At step two of the sequential evaluation, the ALJ must consider the "medical severity" of Plaintiff's impairments. To establish a severe impairment, the plaintiff is only required to show that the "impairment is not so slight and its effect is not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see also Schink v.*

*Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019). However, if an ALJ errs in finding that a claimant's impairments are not severe, such error is harmless when the ALJ finds that the claimant has at least one severe impairment. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824–25 (11th Cir. 2010). The threshold inquiry at step two is satisfied and the ALJ proceeds to step three. *Id.* ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [claimant] had a severe impairment, and that finding is all that step two requires."); *see Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Accordingly, even assuming that [the plaintiff] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."). Therefore, to the extent Plaintiff seeks remand due to the ALJ's failure to find that Plaintiff's depression was a severe impairment, any such error is harmless because the ALJ found that Plaintiff had other severe impairments and proceeded to step three of the sequential analysis. (Tr. 18.)

Plaintiff also contends that the ALJ failed to evaluate her depression in any manner, seek review from a qualified psychiatrist or psychologist, or further develop the record regarding this impairment. When a claimant presents a "colorable claim of mental impairment," the ALJ must complete a psychiatric review technique form (PRTF) or incorporate the PRTF technique into his or her findings and conclusions. *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005). This technique requires the

ALJ to examine the claimant's functional limitation in four areas: (1) ability to understand, remember, or apply information; (2) interaction with others; (3) concentration, persistence, and pace; and (4) ability to adapt or manage oneself. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must rate the claimant's degree of functional limitation in each area on a five-point scale: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). Failure to apply this analysis, when warranted, "requires remand." *Moore*, 405 F.3d at 1214.

Plaintiff bears the burden to present a colorable claim of mental impairment. *Ellison v. Barnhart*, 355 F.2d 1272, 1276 (11th 2003). Here, Plaintiff cites to only a few documents in the record mentioning Plaintiff's depression: 1) the ALJ's decision acknowledging Plaintiff's alleged depression (Tr. 19) and 2) Plaintiff reporting her depression to the SSA on reconsideration (Tr. 87, 90, 285). Upon review, the record contains sporadic and inconsistent references to Plaintiff's depression. For example, in a treatment record from May 8, 2020, Plaintiff reported no depression, anxiety, insomnia, or loss of interest. (Tr. 391.) However, depression is listed in Plaintiff's past medical history in two other treatment records, although those records do not identify an onset date. (Tr. 370, 396.) Further, on evaluation, Plaintiff's providers found that she presented with no psychiatric or behavioral symptoms, no acute distress, and normal mood and affect. (Tr. 336, 350, 356, 372, 380, 388.) The record does not reflect that Plaintiff was receiving any mental health treatment, and Plaintiff reported to the SSA that she did not receive any treatment for anxiety or depression. (Tr. 300.)

- 13 -

Additionally, Plaintiff did not initially apply for disability due to her depression.  (Tr. 129–31.)

Based on the minimal evidence of a mental impairment, the undersigned recommends that Plaintiff did not meet her burden to establish a colorable claim of mental impairment.  *Womble v. Comm'r of Soc. Sec.*, No. 8:15-cv-1328-T-DNF, 2016 WL 4975334, at *4 (M.D. Fla. Sept. 19, 2016), *aff'd*, 705 F. App'x 923 (11th Cir. 2017) ("Here, the Court finds that the paucity of the evidence in the record failed to give rise to a colorable claim of mental impairment."); *see also Lozada v. Comm'r of Soc. Sec.*, No. 8:20-cv-1734-WFJ-JSS, 2022 WL 1095028, at *6 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted sub nom. Lozada v. Kijakazi*, No. 8:20-cv-1734-WFJ-JSS, 2022 WL 766231 (M.D. Fla. Mar. 14, 2022); *Robinson v. Kijakazi*, No. cv 20-00424-B, 2022 WL 944628, at *13 (S.D. Ala. Mar. 29, 2022) (finding no colorable claim of mental impairment where the record did not include any objective evidence, treatment, or diagnosis of a mental impairment); *Dye v. Saul*, No. 1:20-cv-20290-KMM, 2021 WL 707693, at *11 (S.D. Fla. Feb. 2, 2021), *report and recommendation adopted*, No. 1:20-cv-20290-KMM, 2021 WL 705777 (S.D. Fla. Feb. 23, 2021) (finding the plaintiff failed to meet her burden where the record lacked any evidence of diagnosis, treatment, or medications for depression); *Spitler v. Astrue*, No. 2:10-cv-258-FTM-29, 2011 WL 4055416, at *14 (M.D. Fla. Aug. 24, 2011), *report and recommendation adopted*, No. 2:10-cv-258-FTM-29, 2011 WL 4055609 (M.D. Fla. Sept. 13, 2011).

The undersigned further recommends that the ALJ did not err in failing to develop the record regarding Plaintiff's depression. "It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison*, 355 F.3d at 1276. However, the claimant bears the burden of proving that she is disabled, and she is responsible for producing evidence to support her claim. *Id.* The ALJ need not seek additional evidence "as long as the record contains sufficient evidence . . . to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). In evaluating the necessity for remand on this basis, courts look to see "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

Here, the undersigned recommends that the record contained sufficient evidence for the ALJ to make an informed decision. "[T]he ALJ's obligation to develop a full record does not relieve the claimant of the burden of proving she is disabled." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010). Plaintiff was represented by counsel during the administrative proceedings. (Tr. 30.) Notwithstanding, Plaintiff failed to present any objective medical evidence of her depression, such as any diagnosis or treatment. As such, Plaintiff does not demonstrate any gaps in the record demonstrating clear prejudice or unfairness. *See Tomblin v. Berryhill*, No. 3:17-cv-635-GMB, 2018 WL 5114143, at *5 (M.D. Ala. Oct. 18, 2018) (holding that an ALJ is "not required to order additional tests [if] the record contain[s] sufficient evidence for an informed decision" and the claimant relies on

speculation rather than on a "show[ing] [of] clear prejudice or unfairness") (citations omitted).

Plaintiff additionally argues the ALJ should have sought review of Plaintiff's impairments from a qualified psychiatrist or psychologist.   A state agency psychological consultant, Frances Martinez, Ph.D., assessed Plaintiff's claims and found that Plaintiff did not suffer from a mental medically determinable impairment. (Tr. 91.)   *See* 20 C.F.R. §§ 404.1617(a), 416.1017(a) ("When the evidence of record indicates the existence of a mental impairment, the State agency must make every reasonable effort to ensure that a psychological consultant completes the medical portion of the case review and any applicable residual functional capacity assessment.").   Further, Plaintiff's argument on this issue assumes that Plaintiff presented a colorable claim of a mental impairment, which, as explained above, the undersigned recommends she did not.

### D. Constitutional Arguments

Finally, Plaintiff argues that the appointment of Andrew Saul as Commissioner of Social Security was unconstitutional and that the decisions of the ALJ and Appeals Council in this case are therefore constitutionally defective.   (Dkt. 20 at 10–12.)   In support, Plaintiff relies on the Supreme Court's decision in *Seila Law LLC v. Consumer Finance Protection Bureau*, 140 S. Ct. 2183 (2020).

In *Seila Law*, the Supreme Court held that a for-cause restriction on the President's removal power violates the separation of powers.   *Id.* at 2197 ("We hold

that the CFPB's leadership by a single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers."); *see id.* at 2204 ("The CFPB Director's insulation from removal by an accountable President is enough to render the agency's structure unconstitutional.").

In *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Court addressed the appropriate remedy for a party seeking relief due to an unconstitutional removal restriction after *Seila Law*. The Court identified an important distinction between an unconstitutional appointment provision and an unconstitutional removal provision. *Id.* at 1787–88. Specifically, the Court explained that where an executive officer is unconstitutionally appointed, the executive officer is not empowered to exercise the duties of office and his actions may be deemed void. *Id.* at 1787; *see Lucia v. S.E.C.*, 138 S. Ct. 2044, 2055 (2018) (holding that the appropriate remedy for an administrative adjudication tainted by an appointment violation is a new hearing before a properly appointed officer). However, where the executive officer's appointment is valid, but the President's removal power was unlawfully restricted, the Court held that the actions of the executive officer are not automatically void *ab initio*. *Collins*, 141 S. Ct. at 1787–88 & n.24. Rather, to successfully seek relief based upon an unconstitutional removal provision, the plaintiff must demonstrate "compensable harm" caused by the unconstitutional provision. *Id.* at 1788–89. The Court suggested that such harm may arise where the President attempted to remove an agency director but could not, due

to the removal restriction, or where the President made a public statement indicating displeasure with the director but inability to remove him or her.  *Id.* at 1789.

Section 902(a) of the Social Security Act provides that the Commissioner of Social Security shall be appointed by the President, with the advice and consent of the Senate, for a term of six years, removable "only pursuant to a finding by the President of neglect of duty or malfeasance in office."  42 U.S.C. § 902(a)(3).  The Commissioner does not dispute that, in light of *Seila Law* and *Collins*, § 902(a)(3) is an unconstitutional restriction on the President's removal power.  (Dkt. 24 at 15.)  The undersigned therefore turns to the appropriate remedy.

Plaintiff argues that the *appointment* of Commissioner Saul was unconstitutional and violates the separation of powers.  (Dkt. 20 at 10.)  However, Plaintiff does not make any argument under the Appointments Clause.  Rather, Plaintiff argues that the structure of the SSA is unconstitutional pursuant to *Seila Law* because of the removal restriction in § 902(a)(3).  (Dkt. 20 at 10–12.)  This distinction is dispositive because, under *Collins*, whether the constitutional violation occurs at appointment or removal dictates the appropriate remedy.  There is no basis for this court to conclude that the appointment of Commissioner Saul violated the separation of powers or that all actions taken during his tenure, including the promulgation of new regulations and the adjudication of Plaintiff's claims, are void.  *Collins*, 141 S. Ct. at 1788 n.23 ("Settled precedent also confirms that the unlawfulness of the removal provision does not strip the Director of the power to undertake the other responsibilities of his office . . . .").

Further, Plaintiff does not cite to any cases in which a court held that the removal restriction of § 902(a)(3), standing alone, warrants reversal and remand of the Commissioner's decision, and the undersigned is not aware of any.  Therefore, to obtain relief based on the unconstitutional removal limitation, Plaintiff must show compensable harm.  *Collins*, 141 S. Ct. at 1789.

Plaintiff failed to show any compensable harm and does not mention this issue in her brief.  (Dkt. 20 at 10–12.)  The undersigned does not find any evidence in the record before the court demonstrating a connection between the removal restriction and any harm to Plaintiff.  Plaintiff generally refers to a statement made by President Bill Clinton suggesting that the SSA's structure was unconstitutional and notes that President Joseph Biden terminated Commissioner Saul's tenure in 2021.  (Dkt. 20 at 11.)  Neither of these facts, however, demonstrate that the removal restriction affected the outcome in Plaintiff's case.  The ALJ rendered her decision on June 23, 2020, during the administration of President Donald Trump.  (Tr. 24.)  Plaintiff proffers no evidence that President Trump would have removed Commissioner Saul in the absence of the removal restriction, or any other evidence demonstrating that the unconstitutional restriction affected the Commissioner's decision in her case.[1]

---

[1] Even further, the Commissioner states that Plaintiff's claims were adjudicated by an ALJ appointed by Acting Commissioner Berryhill, not Commissioner Saul.  (Dkt. 24 at 18.)  Acting Commissioner Berryhill was not subject to the removal restriction in § 902(a)(3) and was therefore not insulated from the President's removal power.  *See Boger v. Kijakazi*, No. 1:20-cv-00331-KDB, 2021 WL 5023141, at *3 n.4 (W.D.N.C. Oct. 28, 2021) ("Indeed, Plaintiff's constitutional 'removal restriction' argument is likely not even applicable to this case because [the ALJ] was appointed by an *Acting* Commissioner of Social Security who could be removed from that office at the President's discretion.").

Therefore, the undersigned recommends that Plaintiff has not demonstrated remand is warranted due to any constitutional violation. *See, e.g.*, *Watson v. Kijakazi*, No. 21-cv-60516, 2022 WL 1693388, at *7 (S.D. Fla. May 3, 2022), *report and recommendation adopted*, No. 21-cv-60516, 2022 WL 1686526 (S.D. Fla. May 26, 2022) ("Ultimately, because Plaintiff has failed to establish anything even arguably close to the type of harm the Supreme Court envisioned, and because he has failed to show that the ALJ's decision was unlawful, his constitutional argument does not entitle him to any relief."); *Rickles v. Kijakazi*, No. 8:20-cv-2988-AAS, 2022 WL 1153803, at *6 (M.D. Fla. Apr. 19, 2022) (rejecting constitutional removal restriction argument for failure to show compensable harm); *Frank v. Comm'r of Soc. Sec.*, No. 2:20-cv-962-SPC-NPM, 2022 WL 598036, at *4 (M.D. Fla. Feb. 10, 2022), *report and recommendation adopted*, No. 2:20-cv-962-SPC-NPM, 2022 WL 596833 (M.D. Fla. Feb. 25, 2022) ("For these reasons, this court, like its sister courts throughout the country, has repeatedly held this separation-of-powers argument meritless, and it should do so again here."); *Hultgren v. Comm'r of Soc. Sec.*, No. 2:20-cv-892-SPC-NPM, 2022 WL 1085547, at *4 (M.D. Fla. Feb. 9, 2022), *report and recommendation adopted*, No. 2:20-cv-892-SPC-NPM, 2022 WL 736176 (M.D. Fla. Mar. 11, 2022); *Tibbetts v. Comm'r of Soc. Sec.*, No. 2:20-cv-872-SPC-MRM, 2021 WL 6297530, at *6 (M.D. Fla. Dec. 21, 2021), *report and recommendation adopted*, No. 2:20-cv-872-SPC-MRM, 2022 WL 61217 (M.D. Fla. Jan. 6, 2022).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1.  The decision of the Commissioner be **AFFIRMED**.

2.  The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on June 24, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Steven D. Merryday
Counsel of Record