UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEGGY SANDERSON,

    Plaintiff,

v.                                          CASE NO. 8:21-cv-182-SDM-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**<u>ORDER</u>**

Peggy Sanderson sues (Doc. 1) to challenge her denial of disability insurance benefits by the Commissioner of the Social Security Administration. At a hearing, the ALJ determined that, although she suffered from several impairments, Sanderson remained able to perform "light work," including her "past relevant work" as a "counter attendant." (Doc. 17-2 at 20, 23) Also, the ALJ the concluded that "there are other jobs that exist in significant numbers in the national economy that [Sanderson] can perform."

In this action, Sanderson argues that the ALJ improperly concluded that Sanderson's previous job as a counter attendant qualifies as past relevant work and that the ALJ applied the incorrect standard to conclude that Sanderson could perform other available jobs. A comprehensive report and recommendation (Doc. 27) concludes (1) that Sanderson failed to carry her burden of demonstrating that the

counter-attendant job was not past relevant work and (2) that substantial evidence supports the ALJ's inclusion of the counter-attendant job as past relevant work. (Doc. 27 at 9)  Also, the report concludes that the ALJ's conclusion that Sanderson could perform other jobs was superfluous and that, consequently, any error in arriving at this conclusion was harmless.  (Doc. 27 at 11)  Accordingly, the report recommends affirming the denial of benefits.

Objecting (Docs. 28 and 32) to the report and recommendation, Sanderson principally challenges the conclusion that Sanderson failed to demonstrate that the counter-attendant job was not "past relevant work."  Sanderson argues under 20 C.F.R. § 404.1574(b)(3) that the counter-attendant job's failure to pay Sanderson a sufficient wage created a "rebuttable presumption" that the job was not "substantial gainful activity," a prerequisite to the conclusion that the job was past relevant work. Sanderson notes that under Section 404.1574(b)(3), the commissioner "will generally" not consider that a job constitutes "substantial gainful activity" if the job pays a claimant less than the monthly wage stated in Table 1 of Section 404.1574.  From this regulatory text, Sanderson argues that a claimant's failure in any job to earn the threshold monthly wage creates a rebuttable presumption that the job was not substantial gainful activity and, consequently, not past relevant work.  Because the parties concede that Sanderson as a counter attendant earned less than the wage stated in Table 1, Sanderson argues that the commissioner must rebut the presumption created by Section 404.1574 and that the ALJ's failure to mention the rebuttable presumption constitutes legal error.

- 2 -

Sanderson's argument for a rebuttable presumption finds substantial support in *Copeland v. Colvin*, 771 F.3d 920, 925–26 (5th Cir. 2014), in other decisions outside the Eleventh Circuit, and in *Barnes v. Sullivan*, 932 F.2d 1356 (11th Cir. 1991) (recognizing from similar regulatory text a rebuttable presumption that work performed more than fifteen years ago is not past relevant work). As the magistrate judge notes, however, a claimant always "bears the burden to show 'that certain work experience is not past relevant work.'" (Doc. 27 at 6) In the case of a rebuttable presumption favoring the claimant, this burden requires the claimant to demonstrate to the ALJ at least that the rebuttable presumption applies in the claimant's case. *Barnes*, 932 F.2d 1356 (affirming the denial of disability benefits because the claimant failed at the hearing to establish that her past work occurred more than fifteen years ago and thus enjoyed a "presumption of inapplicability"); *See* Doc. 27 at 9 (collecting decisions).

As the magistrate judge notes (Doc. 27 at 9), Sanderson's counsel (1) failed to elicit any testimony from Sanderson about the counter-attendant job or the wage that Sanderson received at this job, (2) failed to object when the ALJ asked the vocational expert to assess the counter-attendant job as relevant work, and (3) generally failed to "offer any testimony to demonstrate that [Sanderson's] work as a counter attendant was not past relevant work." Further, Sanderson's counsel submitted a "prehearing memorandum" but failed in the memorandum to argue that any of Sanderson's past jobs were not "past relevant work." Instead, counsel argued that Sanderson "cannot perform her past relevant work." (Doc. 17-6 at 54–55)

- 3 -

Thus, even if a claimant's failure to earn a sufficient wage creates a rebuttable presumption that a previous job is not "past relevant work" (*Eyre v. Commissioner, Social Security Administration*, 586 Fed. Appx. 521 (11th Cir. 2014), suggests otherwise), Sanderson in this action failed at the hearing to demonstrate (or even claim) that the counter-attendant job enjoyed this presumption or otherwise warranted exclusion from her past relevant work.  For this reason, and for others stated by the magistrate judge, Sanderson's objections are **OVERRULED**, the report and recommendation (Doc. 27) is **ADOPTED**, and the commissioner's decision is **AFFIRMED**.  The clerk must enter judgment for the Commissioner of the Social Security Administration and must close the case.

ORDERED in Tampa, Florida, on September 20, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE